IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHILDREN'S SAFETY CENTER, INC.                                              PLAINTIFF

v.                              Case No. 2:14-CV-05274

PHILADELPHIA INDEMNITY INSURANCE
COMPANY                                                                      DEFENDANT

**OPINION AND ORDER**

Before the Court are Defendant Philadelphia Indemnity Insurance Company's ("Philadelphia") motion to dismiss bad faith allegations and alternative motion to stay (Doc. 6) and brief in support (Doc. 7) and Plaintiff Children's Safety Center, Inc.'s ("CSC") response in opposition (Doc. 13). For the reasons set forth below, the Court finds the motion to dismiss bad faith allegations and alternative motion to stay should be denied.

CSC asserts a breach of contract action against Philadelphia for failure to provide a defense and a failure to indemnify under an employment-practices-liability insurance policy. Philadelphia issued a "claims made" insurance policy to CSC providing coverage for employment-practices liability with a policy period from June 26, 2013 to June 26, 2014. On February 22, 2013, an attorney for Tina Wood-Beaulieu, a former employee of CSC, sent a letter to CSC regarding the termination of Wood-Beaulieu's employment with CSC. On March 31, 2014, more than one year after sending the letter, Wood-Beaulieu filed suit against CSC for wrongful termination in federal district court. On April 4, 2014, CSC sent of copy of the complaint to Philadelphia asking it to provide a defense and indemnity under the employment-practices-liability insurance policy. Philadelphia denied coverage and a defense to CSC, advising CSC that the 2013 letter from Wood-

Beaulieu's attorney was considered by Philadelphia to have been a claim, of which CSC should have notified Philadelphia during the previous policy period of June 26, 2012 to June 26, 2013 pursuant to the terms of the policy.

CSC claims that Philadelphia acted in bad faith in denying coverage and a defense. In support of its bad faith claim, CSC alleges that Philadelphia was "dishonest, oppressive, or malicious" in denying coverage because Wood-Beaulieu's attorney did not make a specific settlement demand in his letter to CSC.[1] (Doc. 3, ¶ 37). On April 22, 2014, Philadelphia sent CSC a letter stating that any claim made pursuant to the policy covering the policy period from June 26, 2012 to June 26, 2013 (encompassing the time in which Wood-Beaulieu's attorney first sent a letter to CSC) must have been made by August 26, 2013. CSC alleges that this was "another dishonest, oppressive, or malicious attempt ... to deny both a defense and coverage under the policy, as Philadelphia knows that the CSC has continued to pay premiums for this coverage every year since the inception of the policy in 1997." *Id*. at ¶ 40. Finally, CSC alleges that Philadelphia "insulted" CSC when it responded that "[CSC] would be better served by focusing its time and resources against Woods, rather than pursuing Philadelphia." *Id*. at ¶ 42. Philadelphia moves to dismiss the bad faith claim, or in the alternative, stay the bad faith claim until the breach of contract claim is resolved.

In ruling on a motion to dismiss, the Court must "'accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party.'" *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States*

---

[1] CSC contends that Wood-Beaulieu did not make a monetary demand until May 12, 2014 when she made a settlement demand of $125,000.

*v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Such factual matter must be specific enough "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.*

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should deny a motion to dismiss. *Twombly*, 550 U.S. at 556. Under Arkansas law, "[i]n order to state a claim for bad faith, one must allege that the defendant insurance company engaged in affirmative misconduct that was dishonest, malicious, or oppressive." *Unum Life Ins. Co. of Am. v. Edwards*, 362 Ark. 624, 628 (2005).

Taking CSC's factual allegations as true, and without consideration of materials and argument outside the pleadings,[2] CSC has adequately pleaded factual material raising a right to relief above the speculative level. Based on the facts alleged by CSC, the reasonable inference can be made that Philadelphia knew that no claim—as defined by the relevant policy—was made by the

---

[2] Pursuant to Federal Rule of Civil Procedure 12(d), since the Court did not convert the instant motion to dismiss into one for summary judgment, the Court did not consider the emails and letters attached as exhibits in support of CSC's response to Philadelphia's motion.

letter sent by Wood-Beaulieu's attorney and that CSC timely notified Philadelphia when a proper claim was made.  It may also be inferred that Philadelphia's denial of coverage and a defense was not in keeping with the fact that CSC had continuous coverage with Philadelphia since 1997 and that Philadelphia was aware of that dissonance.  CSC also alleges that Philadelphia wrongfully failed to provide a defense in the case brought by Wood-Beaulieu knowing that it was obliged to provide one.  The Court notes in this regard that neither party has introduced a complete copy of any policy or policies at issue[3] into the record such that the Court could consider CSC's allegations in the context of any applicable policy language.

The Court finds that CSC has sufficiently pleaded the elements of a claim for bad faith under Arkansas law: "affirmative misconduct by the insurance company, in bad faith, and malicious or oppressive attempt to avoid liability under the policy."  *Bethel Baptist Church v. Church Mut. Ins. Co.*, 54 Ark. App. 262, 265 (1996) (citing *Williams v. Joyner-Cranford-Burke Constr. Co.*, 285 Ark. 134, 139 (1985)).  Philadelphia rightly argues that bad faith under Arkansas law is difficult to establish or prove.  However, while Arkansas law requires an allegation of affirmative misconduct, Arkansas law does not require proof of such misconduct at this stage of the litigation, before the parties have engaged in discovery.  It would be the rare case in which an insured has concrete evidence of bad faith at the pleading stage.

The cases cited to by Philadelphia do not support dismissal of CSC's claims.  Most of Philadelphia's cited cases address bad faith at a much later stage of litigation and so are pertinent to

---

[3] While the Court may not generally consider materials outside the pleadings on a motion to dismiss, the Court may consider any materials "necessarily embraced by the . . . complaint," such as agreements between the parties upon which claims are based.  *Germain Real Estate Co., LLC v. HCH Toyota, LLC*, 2015 WL 480516 at *2 (8th Cir. Feb. 6, 2015).

what a bad-faith claimant must prove, not plead. *State Auto Prop. and Cas. Ins. Co. v. Swain*, 338 Ark. 49 (1999) (considering the evidence in reversing denial of a motion for directed verdict on bad-faith claim); *Employers Equitable Life Ins. Co. v. Williams*, 282 Ark. 29 (1984) (affirming jury's award of punitive damages for bad-faith claim); *Hortica-Florists' Mut. Ins. Co. v. Pittman Nursery Corp.*, 729 F.3d 846 (8th Cir. 2013) (reviewing the evidence in upholding district court's granting of post-verdict motion for judgment as a matter of law on bad-faith claim). Those cases that do address bad faith at the dismissal stage are distinguishable, *see Findley v. Time Ins. Co.*, 264 Ark. 647 (1978) (declining to decide the broader issue of whether Arkansas would recognize the tort of bad faith in affirming dismissal of insured's complaint, finding that the insured did not allege affirmative misconduct);[4] *Williams v. State Farm Mut. Auto. Ins. Co.*, 2010 WL 2573196 (E.D. Ark. June 22, 2010) (dismissing both breach-of-contract claim and bad-faith claim where no affirmative misconduct alleged in a case turning on legal question of insurer's rights to assert a lien securing a right of reimbursement), or actually support CSC's position, *see Bethel Baptist Church*, 54 Ark. App. 262 (1996)[5] (reversing trial court's dismissal of bad-faith claim for failure to state a claim, noting

---

[4] To the extent *Findley* should be considered in light of the subsequent recognition of the tort of bad faith in Arkansas, the plaintiff's allegations in that case did not allege affirmative misconduct by the insurer. Rather, the plaintiff alleged the insured failed to investigate her claim or explain its denial. Here, allowing for reasonable inferences and applying the federal procedural standard for consideration of motions to dismiss, CSC alleges that Philadelphia knew that CSC's claim was covered and that Philadelphia should defend CSC but maliciously or dishonestly refused to provide coverage or a defense. *See Atlas Carriers, Inc. v. Transport Ins. Co.*, 584 F. Supp. 50, 53 n.4 (E.D. Ark. 1983) (stating that "in light of the slightly more liberal nature of the Federal Rule 12(b)(6), it is at least conceivable that facts analogous to those asserted in *Findley* . . . might be adequate to avert dismissal" and denying motion for summary judgment by insurer where insured alleged that insurer's denial of coverage was based on objections the insurer knew to be without merit).

[5] This case was incorrectly cited as an Arkansas Supreme Court case by Philadelphia. Appellate cases are, however, still relevant authority in this Court's consideration of state law.

that it is improper for a trial court to look beyond a complaint to decide a motion to dismiss and recognizing that pleadings are to be liberally construed).  The alleged conduct, giving CSC the benefit of every reasonable inference, gives rise to a plausible claim that Philadelphia acted in bad faith in denying coverage and a defense to CSC.

The Court also finds that Philadelphia's alternative request for a stay should be denied. Piecemeal litigation of this issue would only serve to complicate discovery and delay a full resolution of this matter.  While Philadelphia argues that staying the bad faith claim would potentially save the litigants and the Court time and resources, this assumes that Philadelphia will prevail on the breach-of-contract claim—an assumption the Court will not make at this point.

IT IS THEREFORE ORDERED that Philadelphia's motion to dismiss CSC's allegations of bad faith (Doc. 6) is DENIED.

IT IS FURTHER ORDERED that Philadelphia's alternative request to stay consideration of the allegations of bad faith is DENIED.

IT IS SO ORDERED this 26th day of February, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE